UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) NO. 3:19-cr-00307 |
| | ) JUDGE RICHARDSON |
| ADAYSE GADDY | ) |

## MEMORANDUM OPINION

Defendant, an inmate confined in a Bureau of Prisons facility in Yazoo City, Mississippi, has filed a pro se Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) and 3553(a)(1) U.S.S.C. 1B1.13(b)(6)" (Doc. No. 236, "Motion"). The Motion is of a type commonly referred to as a "compassionate release" motion. [1] Via the Motion, Defendant seeks a reduction of (and immediate release from) his 48-month sentence for his conviction (by guilty plea) of possession of a firearm subsequent to a felony conviction, in violation of 18 U.S.C. § 922(g)(1). The Government has filed a response in Opposition to the Motion (Doc. No. 238, "Response"), to which Defendant filed a reply (Doc. No. 239, "Reply).

Just as the Government argues in the Response, the Court lacks jurisdiction to consider the motion because, although it is styled as a request for compassionate release, the Defendant's

---

[1] A motion under Section 3582(c)(1)(A) is a motion for a reduction in sentence, including but not limited to reductions that would result in the defendant-movant's immediate release. The granting of a motion for sentence *reduction* under Section 3582(c)(1)(A) would not necessarily result in the defendant's immediate *release*. *See United States v. Maumau*, No. 2:08-CR-00758-TC-11, 2020 WL 806121, at *8 (D. Utah Feb. 18, 2020) (quoting *United States v. Urkevich*, No. 8:03CR37, 2019 WL 6037391 at *4 (D. Neb. Nov. 14, 2019)). Nevertheless, such motions generally are known as ones for "compassionate release." *Id.* at n.2 ("In this order, the court uses the phrase 'compassionate release' and 'sentence modification' interchangeably, which is consistent with how other courts have used the terms."); *United States v. McDonald*, No. 94-CR-20256-1, 2020 WL 3166741, at *1 (W.D. Tenn. June 8, 2020). This reflects the fact they typically do seek immediate release rather than a mere reduction in sentence that would result in an earlier release someday but not immediately.

motion is, at bottom, a challenge to the execution of his sentence based on an alleged failure to award credit for an alleged 45 months of pre-sentencing residence at a sober living facility (SLF), which is a king of challenge that must be raised in a 28 U.S.C. § 2241 petition filed in his district of confinement. But this Court is not located in the district of Defendant's confinement. And even if it were, his request for sentencing credits would not be proper under a compassionate release motion, which is what the Motion is (rather than anything resembling a petition under § 2241). And in any event, rather than the courts, it is "the Bureau of Prisons [that] is responsible for adjusting sentences for time served." *United States v. Franklin*, 64 F. App'x 965, 968 (6th Cir. 2003).

And even if the Court did have jurisdiction and could proceed to the merits of Defendant's request for compassionate release, Defendant's alleged spending 45 months in a SLF would not constitute extraordinary and compelling reasons as is (among other things) essential for the granting of such a request. The Court (with the undersigned presiding) gave Defendant a 48-month sentence with the understanding that no such credit would be forthcoming; if Defendant were correct that he lawfully should receive credit for time spent pre-sentence in a SLF (which the Court doubts),2 and if the Court had been aware of that, it very likely would have imposed a sentence that would have exceeded 48 months to the extent that he would receive credit for his time at a SLF. In other words, in the Court's view a 48-month sentence very likely would have been too low to the extent that credit against it would have been awarded based on Defendant's time spent

---

2 The Sixth Circuit has held that a defendant is not entitled to sentencing credit for time spent before sentencing in a hallway house even if restrictions were placed on the defendant's liberty in a halfway house. *See United States v. Franklin*, 64 F. App'x 965, 968 (6th Cir. 2003) (relying on *Reno v. Koray,* 515 U.S. 50, 56-62 (1995)). The Court sees no reason why the same would not hold true for time spent in a SLF.

in a SLF. The Court is not required to view, and does not view, time spent in a SLF (even if very restrictive on residents) as the equivalent of time in a federal correctional facility; the non-equivalency is reflected by the virtual certainty that few would ever choose to voluntarily reside in a federal penitentiary, but many people choose to reside in a SLF because so doing can greatly benefit their lives by assisting greatly in defeating the scourge of addiction.

As for Defendant's claim that he was not told by the magistrate judge or his counsel that he would not receive sentencing credits for his time spent in a SLF, the Court does not find that this contributes materially to a showing of extraordinary and compelling reasons. As far as the Court is aware, the magistrate judge was not required to explain this to the Defendant, and any grievance that Defendant has with his attorney is suited more to a claim of ineffective assistance of counsel under 28 U.S.C. § 2255 than to a claim for compassionate release under 18 U.S.C. § 3582(c). The Court is also not at all convinced that Defendant did not understand at the time of his sentencing that his 48-month sentence was one for which he actually had a mere three months left to serve. If he was unaware of that, one wonders why he said nothing when his attorney requested in open court (in the kind of request that usually is, and thus likely here was, made after pronouncement of the sentence) that the Court recommend participation by Defendant in the RDAP program (as the Court did, *see* Doc. No. 227 at 2). And more broadly, the Court does not recall, or perceive in the record, anything indicating that Defendant was someone under the impression that he was entitled to 45 months of sentencing credit.

Defendant's alleged other extraordinary and compelling reasons (all of which were not raised until the Reply) do not count materially towards showing extraordinary and compelling reasons for a sentence reduction, because they rely on (alleged) facts—regarding childhood trauma

that (if they existed at all) existed at the time of sentencing. "[F]acts that existed at sentencing cannot later be construed as 'extraordinary and compelling reasons' to reduce a final sentence." *United States v. Hunter*, 12 F.4th 555, 570 (6th Cir. 2021). "[D]efendants seeking compassionate release must show that their 'personal circumstances' have "changed so that the district court should weigh the § 3553(a) factors differently than it had at the original sentencing.'" *Id.* (quoting *United States v. Navarro*, 986 F.3d 668, 672 (6th Cir. 2021)). Defendant has failed to do so here.

Finally, the Court notes that the motion is subject to denial independently and alternatively because he has failed to demonstrate that he exhausted his administrative remedies by requesting compassionate release from the warden of his facility (and thereafter receiving back either no response within 30 days or a denial of the request).

For all of these reasons, the Motion (Doc. No. 236) will be denied. An appropriate corresponding order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE